IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

FEB 1 3 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

TYRONE LEE,
       **Plaintiff,**

v.
                                   **Civil No. 4:12cv142**

FOOD LION, LLC,
t/a Food Lion #1299,
       **Defendant.**

## OPINION AND ORDER OF REMAND

This matter is presently before the Court upon the plaintiff's motion to remand this action to state court. For the reasons set forth herein, the Court **GRANTS** the plaintiff's motion and **REMANDS** this action to the Circuit Court for the City of Hampton, Virginia, for further proceedings in the case styled there as <u>Lee v. Food Lion Stores, Inc.</u>, Civil No. CL11-2422.

## I. BACKGROUND

The plaintiff, proceeding <u>pro se</u>, filed the complaint in this action in the Circuit Court for the City of Hampton on November 18, 2011, naming "Food Lion Stores, Inc." as the defendant. The plaintiff alleged that he slipped and fell on a wet floor while shopping at a Food Lion store in Hampton, Virginia, suffering "serious" but unidentified "injuries of both body and mind" as a result, and requesting damages in the amount of $1 million. The plaintiff mailed a copy of the complaint to Risk Management Services, Inc. of Salisbury, North Carolina.

On December 21, 2011, the defendant filed an answer and demurrer to the complaint in state court, noting its appearance as "Food Lion Stores, Inc. (correctly 'Food Lion, LLC')" in both papers. In both the answer and the demurrer, the defendant contended that the plaintiff's <u>pro se</u> complaint failed to state a claim, and that it was fatally defective as it contained no <u>ad damnum</u> clause.

On March 30, 2012, the state court held a hearing on the defendant's demurrer. At the hearing, it was revealed that the copy of the complaint received by the defendant—or at least the copy ultimately forwarded to counsel for the defendant—was missing the page containing the plaintiff's demand for $1 million in damages. The state court judge handed over his file, including a complete copy of the complaint as filed with the court, for defense counsel to peruse. Counsel for the defendant acknowledged, on the record, that the complaint filed in the state court's record included an ad damnum clause demanding $1 million in damages. At the conclusion of the hearing, the court advised the parties that it was inclined to sustain the demurrer for failure to state a claim and grant leave for the plaintiff to re-file the action on or before June 1, 2012. The state court instructed counsel for the defendant to submit a proposed written order to that effect.

No written order sustaining the demurrer having been entered by the state court,[1] the plaintiff, now represented by counsel of record in this matter, filed a motion for leave to file an amended complaint on May 9, 2012. A hearing on the motion was held on July 13, 2012, and the state court entered an order that same day, granting the plaintiff leave to file an amended complaint within twenty-one days.

On August 3, 2012, the plaintiff, through counsel, filed his amended complaint in state court. Among other changes, the amended complaint named "Food Lion, LLC t/a Food Lion #1299" as the defendant. On August 23, 2012, the defendant filed its answer to the amended complaint. On August 31, 2012, the defendant removed the matter to this Court pursuant to 28 U.S.C. § 1441, citing the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. On September 20, 2012, the plaintiff timely moved to remand the case to state court.

---

[1] It is unclear from the record before this Court whether a proposed written order was in fact submitted for the state court's consideration, but that particular fact is immaterial to this decision.

## II. ANALYSIS

The plaintiff has moved to remand this action to state court on the ground that the defendant's removal of this case was untimely. In opposition to the motion, the defendant argues that its notice of removal, filed within thirty days after receipt of the plaintiff's amended complaint, was timely because: (1) diversity of citizenship was not apparent until the plaintiff filed his amended complaint with the defendant's correct corporate name; and (2) the amount in controversy was not apparent to the defendant until the plaintiff filed his amended complaint because the page of the original complaint containing the ad damnum clause was missing from the copy served on the defendant.

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once removed, the plaintiff may challenge removal by moving to remand the case back to state court. "The defendant bears the burden of proof in a removal action. Moreover, removal statutes are to be construed strictly, narrowly, and against removal." Kurihara v. CH2M Hill, Inc., 6 F. Supp. 2d 533, 534 (E.D. Va. 1998) (citations omitted).

The procedure for removal is set forth in 28 U.S.C. § 1446(b). In pertinent part, this statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). In some cases, it may not be apparent from the face of the initial pleading that a case is removable. In such cases, the statute further provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). It is important to note that "§ 1446(b) does not allow a defendant to file a notice of removal within thirty days of any

3

amended pleading, motion, order, or other paper revealing grounds for removal.  The defendant must file its notice within thirty days of receiving any paper first revealing grounds for removal." Wingfield v. Franklin Life Ins. Co., 41 F. Supp. 2d 594, 598 (E.D. Va. 1999) (emphasis in original); see also Kurihara, 6 F. Supp. 2d at 535 (noting that this Court has adopted the "receipt rule" for computing time in which a defendant must remove a case to federal court).

### A. Misnamed Defendant

The defendant first contends that removal of this case to federal court on August 31, 2012, was timely because notice of removal was filed within thirty days after its receipt of the plaintiff's amended complaint, filed in the state court on August 3, 2012.  The defendant argues that it was unable to establish diversity of citizenship prior to the filing of the amended complaint because the original complaint named a non-existent entity, "Food Lion Stores, Inc.," rather than the correct defendant, "Food Lion, LLC."  But this argument is entirely without merit.

It is well-established that, in determining diversity of citizenship between the parties, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980).  Faced with similar facts, federal courts have, time and again, "rejected a corporation defendant's claim that its removal was timely because the original state court complaint named the wrong defendant (a non-entity) and the case was not removable until such time that the plaintiff amended the complaint to name the correct entity."  Hillberry v. Wal-Mart Stores East, L.P., No. 3:05CV-63-H, 2005 WL 1862087, at *1 (W.D. Ky. Aug. 3, 2005) (defendant Wal-Mart Stores East, L.P., was real-party-in-interest where original complaint named entity styled "Wal-Mart" as defendant); see also Ware v. Wyndham Worldwide Inc., No. 09-6420, 2010 WL 2545168, at *4–*5 (D.N.J. June 18, 2010) (original complaint named related company instead of the proper defendant); Brown v. N.J. Mfrs.

Ins. Group, 322 F. Supp. 2d 947, 952–53 (M.D. Tenn. 2004) (original complaint named wrong company within closely-related group of insurance companies); Iulianelli v. Lionel, L.L.C., 183 F. Supp. 2d 962, 968 (E.D. Mich. 2002) (original complaint improperly named corporate predecessor to proper defendant); Brizendine v. Continental Cas. Co., 773 F. Supp. 313, 315–16 (N.D. Ala. 1991) (original complaint used a trade name rather than true name of the defendant insurance company); Jacobson v. Holiday Travel, Inc., 110 F.R.D. 424, 426 (E.D. Wis. 1986) (original complaint used defendant's former corporate name). "[W]hen the intended defendant receives formal process and ascertains or should reasonably ascertain that it is the intended defendant, the intended defendant's thirty-day window begins upon service of the initial complaint." Ware, 2010 WL 2545168, at *4; see also Hillberry, 2005 WL 1862087, at *1 ("[I]f the proper defendant company is on notice that the wrong company defendant has been named [it] has a duty to remove nonetheless.").

In this case, it is undisputed that the defendant received a copy of the initial pleading in this action at some point prior to December 21, 2011, the date on which it filed its answer and demurrer in state court proceedings. In the opening sentence of both the answer and the demurrer, and then again in the signature block of these same pleadings, the defendant identified itself as "Defendant, Food Lion Stores, Inc. (correctly 'Food Lion, LLC')." Cf. Ware, 2010 WL 2545168, at *1 ("Defendant, Wyndham Vacation Resorts, Inc. (incorrectly named in the complaint as Wyndham Worldwide Incorporated)"). It is clear on this record that the defendant received a copy of the original complaint and that it actually ascertained that Food Lion, LLC, was the intended defendant of the lawsuit, prompting it to answer and demur on December 21, 2011.

Accordingly, the plaintiff's error in naming the defendant in the original complaint as "Food Lion Stores, Inc." instead of "Food Lion, LLC," provides no relief from the operation of § 1446(b)(1), which ordinarily requires notice of removal to be filed within thirty days after the

5

defendant's receipt of the initial pleading.

### B. Amount in Controversy

The defendant further contends that removal of this case was timely because the copy of the original complaint served on the defendant was missing the page containing the plaintiff's ad damnum clause, and thus the thirty-day window for removal did not commence until the defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Although counsel for the defendant learned of the plaintiff's $1 million damages demand at a March 30, 2012, hearing on the defendant's demurrer, the defendant suggests that it was unable to ascertain the amount in controversy until the amended complaint was filed on August 3, 2012. See Wingfield, 41 F. Supp. at 598 n.4 ("[I]n order for the thirty-day period to start running, the grounds for removal must 'be apparent within the four corners of the initial pleading or subsequent paper.'") (quoting Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997)). But this argument too is without merit.

The removal procedure statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat. 760–61, provides that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). Indeed, even before this amendment was adopted by Congress, the Fourth Circuit had held that "[t]he 'motion, order or other paper' requirement is broad enough to include any information received by the defendant 'whether communicated in a formal or informal manner.'" Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th

6

Cir. 1996).

On March 30, 2012, counsel for the defendant learned, while appearing on the record in open court, that the complaint on file in the state court's record contained an additional page in which the plaintiff demanded an award of $1 million in damages.  The state trial judge handed a copy of the complete complaint, as it existed in the state court's record, to counsel for the defendant.  Counsel reviewed the complete complaint in hand and acknowledged, on the record, that it contained an ad damnum clause demanding $1 million in damages.  Although the omission of this page in the defendant's service copy of the original complaint may have made it impossible for the defendant to ascertain the amount in controversy upon its initial receipt of the original complaint, on March 30, 2012, counsel for the defendant received "information relating to the amount in controversy" which was already "in the record of the State proceeding."  See 28 U.S.C. § 1446(c)(3)(A).  Pursuant to the removal procedure statute, receipt of this information by defense counsel constituted receipt of "other paper from which it may first be ascertained that the case is one which is or has become removable," thus triggering the defendant's thirty-day window for removal on that day.  See 28 U.S.C. § 1446(b)(3).  The fact that the defendant was not formally served with an amended compliant setting forth the amount in controversy until August 2012 is immaterial.  See Yarnevic, 102 F.3d at 755 (informal communication of amount in controversy may constitute receipt of "other paper" triggering thirty day removal period); Kurihara, 6 F. Supp. 2d at 535 (thirty day removal period triggered by receipt rather than formal service).

The defendant did not file its notice of removal in this case until August 31, 2012, a full five months after it learned that the plaintiff's complaint included a $1 million ad damnum clause.  Accordingly, the defendant's notice of removal was untimely filed.

### III. CONCLUSION

Based on the foregoing, the Court **FINDS** that the defendant's notice of removal, filed on August 31, 2012, was untimely.  Therefore, the Court **GRANTS** the plaintiff's motion to remand, and this action is **REMANDED** to the Circuit Court for the City of Hampton, Virginia, for further proceedings in the case styled there as <u>Lee v. Food Lion Stores, Inc.</u>, Civil No. CL11-2422.

The Clerk of this Court is **DIRECTED** to mail a certified copy of this Opinion and Order of Remand to the Clerk of the Circuit Court for the City of Hampton, Virginia.  <u>See</u> 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.

Robert G. Doumar
Senior United States District Judge

February 13, 2013
Norfolk, Virginia